FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV -9  PM 2: 36

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**CHRISTOPHER L. MORGAN**                         **CIVIL ACTION**

**VERSUS**                                         **NO: 05-1351-GTP-SS**

**THE OFFSHORE DRILLING**
**COMPANY**

ORDER

PLAINTIFF'S MOTION FOR RECONSIDERATION (Rec. doc. 23)

**GRANTED**

On August 10, 2005, the motion of the plaintiff, Christopher Morgan ("Morgan"), to compel the defendant, The Offshore Drilling Company ("TODCO"), to more adequately respond to written discovery was granted in part, denied in part and dismissed in part as moot. Rec. docs. 9 and 23. Morgan seeks reconsideration of the portion of the August 10, 2005 ruling on category no. 18 of his request for production of documents. The ruling stated:

> Morgan seeks TODCO's safety manuals for the rig. TODCO contends that the incident involved the movement of a wellhead. It produced the table of contents for the safety manual and contends that there is nothing in the manual that is relevant to the incident. Morgan responds that it is not up to TODCO to determine whether the safety manual is relevant. He urges that in the experience of his counsel, safety

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

> manuals are routinely produced without objection and that in other litigation TODCO produced its safety manual. "[T]he parties and the court [are to] focus on the actual claims and defenses involved in the action." Fed. Rule Civ. P. 26(b)(1) Advisory Committee's Note, 2000 amendments. What occurs in another case does not resolve the issue. The burden is on Morgan to demonstrate that TODCO's safety manual is relevant to the incident in this case, where there was movement of the wellhead. He has not done so. His motion must be denied as to category no. 18.

Rec. doc. 23 at pp. 3-4. The court reiterates that merely because a manual was produced in another case is an insufficient basis to compel production in this case. The issue is whether Morgan's motion to reconsider demonstrates that the safety manual is relevant to his claim in this case.

In support of the motion to reconsider, Morgan produced TODCO's safety manual from the other case and his statement given to a representative of TODCO. Morgan reports that when he allegedly injured his back, the personnel on the jack-up rig were engaged in performing an operation that had been performed many times previously. A review of the manual from the other case demonstrates that it has general as well as specific application. An example of its general application is the description of the three main aspects of the management system. One of these is the THINK Process, which "is to remind personnel to think about everything they do prior to actually doing it." Rec. doc. 23, exhibit 1(introduction). An example of a specific application is the prohibition on the use of hooks on tuggers. Id. at Section 4, Subsection 5.8, p 6 of 19.

The parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed R. Civ. P. 26 (b)(1). The Advisory Committee provided this guidance:

> The Committee intends that the parties and the court focus on the actual claims and defenses involved in the action. The dividing line between information relevant to the claims and defenses and that relevant only to the subject matter of the

> action cannot be defined with precision. . . . In each instance, the determination whether such information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action.
>
> The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings. . . . When judicial intervention is invoked, the actual scope of discovery should be determined according to the reasonable needs of the action. The court may permit broader discovery in a particular case depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested.

Fed. Rule Civ. P. 26(b)(1) Advisory Committee's Note, 2000 amendments.

Morgan alleges that:

> [He] was employed as a floorhand aboard Rig No. 46 . . . when . . . through the negligence of defendant and/or unseaworthiness of the vessel, was caused to sustain serious injuries . . . while attempting to install a well head on to drive pipe under the supervision of the driller.

Rec. doc. 1 at p. 2. On the assumption that the safety manual from the other case is substantially the same as the one on Rig No. 46, he contends that there are numerous pages of the safety manual "which may be relevant to this case. . . ." Rec. doc. 23, memorandum at p. 1. This is insufficient. The issue is whether the information sought "is relevant" to Morgan's claims. Elsewhere he contends that "[t]he safety manual in its entirety is by definition relevant to a personal injury case where something unsafe clearly occurred." Id. at p. 2. He argues that at this stage of discovery it is not possible for him to identify from the index the portions of the safety manual that are relevant to his claims. TODCO persists in its contention that there is nothing in the safety manual that is relevant to the particular incident involved in Morgan's claim.

The review of the safety manual produced in the other litigation reveals that its general

provisions have application to any procedure performed on the jack-up rig. Assuming the safety manual on the jack-up rig is similar, then these general provisions are relevant to Morgan's claim of negligence and unseaworthiness. Morgan has met his burden to demonstrate that at least these portions of the manual are relevant to his claim. TODCO will be required to produce the entire manual within ten (10) working days of the entry of this order. Any issue as to the admissibility of any portion of the manual will have to be resolved by the District Court.

IT IS ORDERED that Morgan's motion for reconsideration (Rec. doc. 23) is GRANTED in accord with the terms of this order.

New Orleans, Louisiana, this 9 day of November, 2005.

SALLY SHUSHAN<br>
United States Magistrate Judge

Q:\Motions\2005 Motions\05-1351.03.wpd